IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALLY YAMMINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-1130-C-BN |
| | § | |
| PNC BANK, NATIONAL ASSOCIATION and SELECT PORTFOLIO SERVICING, INC., | § § § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case filed by a *pro se* plaintiff in state court and removed here has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings.

Defendants PNC Bank, N.A. and Select Portfolio Servicing, Inc. move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See* Dkt. Nos. 14, 15, & 16. Plaintiff Wally Yammine filed a response, *see* Dkt. No. 18, and Defendants filed a reply brief, *see* Dkt. No. 21.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion and dismiss this action with prejudice.

**Applicable Background**

Mr. Yammine filed an amended petition for declaratory judgment in state court

in Dallas County on December 5, 2016. *See* Dkt. No. 1-1 at 32-42. Defendants, after being served with that petition on March 30, 2017, *see id.* at 52-55, answered on April 21, 2017, *see id.* at 56-58, and removed this action to federal court on April 28, 2017, *see generally* Dkt. No. 1.

The amended petition sets out that Mr. Yammine "is the owner of certain real property in Dallas County, Texas," and further provides:

> Defendant failed to meet the explicit notice requirement to proceed with a foreclosure sale. Plaintiff did not receive notice of this foreclosure sale as required by law.
> As mortgagor of an FHA-insured mortgage, Plaintiff has a right to modification under the FHA-Home Affordable Modification Program (FHA-HAMP). Defendant has refused to offer Plaintiff trial payment plan as required by the HAMP Act. *See* Section 230(b) of the National Housing Act (12 U.S.C. 1715u(b)), as amended by the Helping Families Save Their Homes Act of 2009, Division A of Public Law 111-22.
> Plaintiff has made numerous phone calls concerning a loan modification and the defendant has refused to offer the modification, even though Plaintiff has a right to the modification by federal law.
> A special needs child with a protected disability resides in this home. Allowing foreclosure at this time may be a violation of the Americans with Disabilities Act.
> Plaintiff has not received notice for foreclosure as required by State law.

Dkt. No. 1-1 at 33-34. Mr. Yammine seeks a declaratory judgment, damages, and injunctive relief. *See id.* at 34-35.

In sum, Defendants seek judgment on the pleadings because Mr. Yammine

> who has, at best, an equitable interest to the property secured by a deed of trust and promissory note held by Defendant PNC and serviced by Defendant SPS, incorrectly claims to have the right to prevent Defendants from proceeding with a foreclosure sale. [Mr. Yammine] is not a borrower under the note or deed of trust, and has failed to state a claim for wrongful foreclosure, or for violation of HAMP or the ADA. These claims fail because no foreclosure sale has taken place, HAMP does not

provide a private cause of action, and the ADA is inapplicable here. Because [Mr. Yammine] has failed to plead a cause of action that would survive dismissal, he is not entitled to the equitable or declaratory relief he seeks.

Dkt. No. 15 at 1.

Mr. Yammine responded to Defendants' motion on December 7, 2017 by filing an amended complaint, *see* Dkt. No. 19, and a response asserting that the "[p]laintiff in this case is Natalie Yammine, a resident of the state of Texas. This case was filed by Natalie Yammine on December 2, 2016 through Wally Yammine, her POA," Dkt. No. 18 at 1.

As to this attempt to amend the complaint, the Court entered an order on December 11, 2017 providing:

> On December 7, 2017 – without obtaining leave from the Court or the consent of the opposing parties – Natalie Yammine, identified as the plaintiff, "by and through her POA, Wally Yammine" (the latter being who the Court understood to be the plaintiff in this action), filed a First Amended Petition. Dkt. No. 19. This amended complaint was filed more than 21 days after November 6, 2017 – the date that Defendants PNC Bank, N.A. and Select Portfolio Servicing, Inc. moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See* Dkt. Nos. 14, 15, & 16. And it was filed well after September 1, 2017 – the deadline to file motions for leave to amend pleadings set by the June 2, 2017 Initial Scheduling Order. *See* Dkt. No. 12, ¶ 2. An amended complaint therefore could not be filed as a matter of course. *See* FED. R. CIV. P. 15(a); *see also* FED. R. CIV. P. 16(b)(4).
>
> Further, the Court construes "POA" in the First Amended Petition to mean power of attorney and notes that "[p]arties may proceed in federal court only *pro se* or through counsel." *Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. Apr. 20, 2012) (per curiam) (citing 28 U.S.C. § 1654). Therefore, while a "power of attorney ... may confer certain decision-making authority under state law, [ ] it does not permit [a layperson] to represent [a litigant] *pro se* in federal court." *Id.* (citations omitted); *see also Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir. 2002) ("[T]he holder of a power of attorney is not authorized to appear *pro*

*se* on behalf of the grantor."); *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) ("attorney-in-fact" for daughter not permitted to litigate *pro se* on her behalf); *Deal v. Massey & Assocs.*, No. 1:10-CV-18, 2010 WL 3397681, at *1 (E.D. Tenn. Aug. 26, 2010) ("Regardless of this power of attorney, although a lay person is entitled to represent himself, the Court is unaware of any authority permitting a lay person to appear as an attorney for another person." (citing Section 1654)).

It is reversible error, moreover, to allow a layperson to represent a *pro se* litigant, and any judgment on the merits entered in such a case is subject to vacatur by the court of appeals. *See Williams*, 477 F. App'x at 11 ("The District Court also should not have reached the merits of [*pro se*] father's claim in the absence of proper representation." (citations omitted)). And, even where a statute allows, for example, a writ of habeas corpus to be filed by a "next friend," *see* 28 U.S.C. § 2242, "[t]he mere fact that [a *pro se* petitioner] has given [a layperson] a 'power of attorney' is not sufficient to justify 'next friend' status," *Donalson ex rel. Donalson v. Eason*, No. Civ. A. 1:02-CV-220-C, 2003 WL 21281656 (N.D. Tex. May 29, 2003) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir.1978)); *accord Ables v. Dretke*, No. Civ.A. 4:05CV0372Y, 2005 WL 3148439 (N.D. Tex. Nov. 15, 2005), *rec. accepted*, 2006 WL 229007 (N.D. Tex. Jan. 31, 2006).

Accordingly, if Ms. Yammine is the proper plaintiff here, she must proceed through an attorney or on her own *pro se*.

Finally, even if the Court liberally construes the amended complaint as incorporating a motion for leave, that motion would not comply with the requirements of the April 28, 2017 Standing Order on Non-Dispositive Motions [Dkt. No. 6], which governs the filing and disposition of all non-dispositive motions in this case, such as a motion for leave to amend the pleadings, *see, e.g., United States v. Parker*, Nos. MO:12-CR-00267(2)-RAJ & MO:14-CV-00049, 2015 WL 12513430, at *14 n.6 (W.D. Tex. Dec. 18, 2015) ("According to case law in this circuit, motions to amend under Fed. R. Civ. P. 15 are characterized as non-dispositive, pre-trial motions that a magistrate judge may adjudicate with the consent of the presiding district judge." (citing *PYCA Indus., Inc. v. Harrison Co. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421, n.11 (5th Cir. 1996); *In re Gulf States Long Term Acute Care of Covington, L.L.C.*, Nos. 11-1659 & 13-508, 2014 WL 294574, at *1 (E.D. La. Jan. 27, 2014))).

The Standing Order on Non-Dispositive Motions mandates that this potentially contested motion be accompanied by a joint status report signed by counsel for any affected party and by any unrepresented party after they have discussed the subject matter of the dispute in a face-to-face meeting or a telephone conference. The Court's Standing Order requires counsel for all affected represented parties to participate in the mandated pre-filing meeting or conference. *See* Dkt. No. 6 at 2-4. The

>     Standing Order further explains: "The Court intends the joint status report to enable the Court to determine each party's respective positions regarding the subject matter of a pretrial dispute in a single written submission. To this end, the parties should present in the body of the report all arguments and authorities on which each party relies. The parties must submit any supporting evidence and affidavits in a separate appendix. .... If any party seeks to submit further briefing before the Court decides any unresolved matters, the joint status report must indicate why the party requesting further briefing could not fully present any arguments and authorities in the report. The Court, in its discretion, may allow further briefing upon any party's request. .... The Court will resolve most non-dispositive motions on an expedited basis without a formal response and will do so based on the arguments and evidence presented in the joint status report and appendix. In some cases, the Court may allow or direct the parties to file a response and reply. Typically, responsive filings will be allowed only if the motion involves discrete legal issues necessitating further briefing or is dependent on evidence outside the record. In the event that the Court permits a written response and reply, a briefing schedule will be established by separate order. Unless permitted by a separately-ordered briefing schedule, no party may file any supplemental pleadings, briefs, authorities, or evidence in connection with any non-dispositive motion." *Id.* at 5-7.
>     The First Amended Petition [Dkt. No. 19] is therefore STRICKEN from the record in this case. And the clerk is directed to note on the docket that this document have been unfiled.
>     The proper plaintiff in this action may file a motion for leave to amend the complaint in compliance with the Standing Order's requirements. And any re-filed motion will be determined under the more exacting standards of Federal Rule of Civil Procedure 16(b)(4).

Dkt. No. 20 at 1-5.

Neither Mr. Yammine nor Mrs. Yammine filed further pleadings in this action nor have otherwise contacted the Court after the amended complaint was ordered stricken and unfiled.

## Legal Standards

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the

pleadings." FED. R. CIV. P. 12(c).

> Although there is no specific language in Rules 7 or 12 of the Federal Rules of Civil Procedure that states when the pleadings close, the following is accepted by numerous federal courts as to when the pleadings close:
>
>> Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings.

*Davis v. Nissan Motor Acceptance Corp.*, No. 3:09-cv-869-L, 2009 WL 3363800, at *2 (N.D. Tex. Oct. 16, 2009) (quoting 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 at 213 (2004)).

A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)). Such a motion is therefore "specifically designed to facilitate" an inquiry into "the interpretation and construction of the [law]" where "[t]he facts of the instant case are not in dispute." *Hebert Abstract*, 914 F.2d at 76 (citation omitted)).

The standard for dismissal on the pleadings under Rule 12(c) is the same as that for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *accord Gentilello v. Rage*, 627 F.3d 540, 543-44 (5th Cir. 2010). Under Rule 12(b)(6), the Court

must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007); *accord Fu v. Reno*, No. 3:99-cv-981-L, 2000 WL 1644490, at *5 (N.D. Tex. Nov. 1, 2000) ("The court reviews motions for judgment on the pleadings solely on the basis of the allegations in the pleadings and accepts all allegations as true." (citing *St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991))).

To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*,

556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*. But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,

498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008). These records include "certified copies of a deed in the public record," as well as other "highly indisputable public records" – for example, certified copies of: "a warranty deed"; a "tax certificate[]"; or a "deed of trust." *Nguyen v. Bank of Am., N.A.*, ___ F. App'x ____, No. 17-20758, 2018 WL 3097178, at *1 & n.1 (5th Cir. June 22, 2018) (per curiam) (citing *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994)).

### Analysis

To begin, despite the abandoned effort to file an amended complaint post-removal, the operative complaint remains the amended petition filed by Mr. Yammine in state court prior to removal. *See, e.g., Batte v. Twin City Fire Ins. Co.*, No. 3:98-cv-1282-D, 1999 WL 1068470, at *2 (N.D. Tex. Nov. 24, 1999). And, for the reasons that

the Court explained in its December 11, 2017 order, *see generally* Dkt. No. 20 (set out above), even if Mr. Yammine had amended his complaint to add Ms. Yammine as a *pro se* party who he represents under a purported power of attorney, that amendment would have been improper. In sum, Mr. Yammine is the sole *pro se* plaintiff in this action.

Concerning the alleged wrongful foreclosure, Mr. Yammine alleges that he did not receive notice of the foreclosure as required by law, but, despite the conclusory allegation that he is owner of the property, he is not listed on the Deed of Trust for the property, *see* Dkt. No 16-1 – a document the Court may take judicial notice of, *see Nguyen*, 2018 WL 3097178, at *1 & n.1 – nor has he plausibly explained his interest in the property, which therefore prevents him from asserting this cause of action, *see, e.g.*, *Morlock, L.L.C. v. Bank of Am., N.A.*, Civ. A. No. H-14-1678, 2015 WL 136654, at *5 (S.D. Tex. Jan. 9, 2015) ("BANA had no obligation to provide information about the lien and the amount due to Morlock because Morlock was not a borrower under the mortgage secured by the Deed of Trust." (collecting cases)).

And, even if Mr. Yammine has standing to make this claim, his failure to allege that a foreclosure sale has taken place prior to filing this suit means that he "cannot state a claim for wrongful foreclosure." *Taylor v. Chase Home Fin., N.A.*, No. 3:13-cv-4793-M-BN, 2014 WL 1494061, at *3 (N.D. Tex. Apr. 15, 2014) (citing *Johnson v. Wells Fargo Bank, NA*, No. 3:13-cv-1793-M, 2014 WL 717191, at *9 (N.D. Tex. Feb. 24, 2014)). As explained in *Taylor*,

> [t]he purpose of a wrongful foreclosure action is to protect mortgagors

>   against mistake, fraud, or unfairness in the conduct of a foreclosure sale. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001). "Under Texas common law, a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, NA*, No. 3:11-cv-972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug.1, 2011) (citing *Am. Sav. & Loan Ass'n of Houston v. Mustek*, 531 S.W.2d 581, 587 (Tex. 1975)). "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Pollett v. Aurora Loan Servs.*, 455 F. App'x 413, 415 (5th Cir. 2011); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.).

*Id.* at *2

And, "[t]o the extent that [Mr. Yammine] is attempting to sue for attempted wrongful foreclosure, the claim also fails because Texas does not recognize a claim for attempted wrongful foreclosure." *Id.* at *3 (citing *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 454 (E.D. Tex. 2011)).

Mr. Yammine next contends that Defendants violated his right to a loan modification under HAMP. But "[t]he clear weight of authority among district courts in the Fifth Circuit counsels that HAMP fails to afford borrowers a private right of action," which therefore precludes plaintiffs, like Mr. Yammine, "from obtaining any recovery from [a mortgagor] based on its alleged failure to comply with HAMP in evaluating their requests for loan modification." *Howard v. CitiMortgage, Inc.*, No. 1:13cv543-KS-MTP, 2014 WL 6802550, at *4 (S.D. Miss. Dec. 2, 2014) (collecting cases).

Mr. Yammine also "fails to state a claim against [D]efendants under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. The ADA prohibits

discrimination on the basis of physical or mental disability by public or private employers, *see generally* § 12112; entities who administer public service benefits or programs, *see generally* § 12132; and entities who own, lease, or operate places of public accommodation, *see generally* § 12182, none of which applies here." *Saragusa v. Countrywide*, Civ. A. No. 14-2717, 2016 WL 1059004, at *6 (E.D. La. Mar. 17, 2016), *aff'd*, 707 F. App'x 797 (5th Cir. 2017) ("[f]inding no error" in "the dismissal of various claims arising out of a home mortgage loan and the denial of [a] Rule 60(b) motion for relief from judgment").

Finally, to the extent that Mr. Yammine seeks declaratory or injunctive relief, a declaratory judgment and an injunction "are forms of relief based on underlying claims." *Taylor*, 2014 WL 1494061, at *4 (citing *Collin Cty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods (HAVEN)*, 915 F.2d 167, 170-71 (5th Cir.1990) (declaratory judgment); *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (injunctive relief)). And, "[b]ecause the undersigned has determined that none of [Mr. Yammine's] claims can withstand dismissal at this time, [his] requests for declaratory and injunctive relief cannot survive." *Id.*

## Recommendation

The Court should grant Defendants PNC Bank, N.A. and Select Portfolio Servicing, Inc.'s motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) and, based on the record here, given Plaintiff Wally Yammine's apparent abandonment of this action – which he can dispute by filing objections to

these findings, conclusions, and recommendation – dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 6, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE